UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Gral[1],

    Debtor-in-Possession.

Case No. 16-21329
Chapter 11

Jointly Administered

---

Michael A. Gral,

    Plaintiff,

v.

Park Bank,

    Defendant.

Adversary Case No: _____

---

**ADVERSARY COMPLAINT FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105 AND 362 TO ENJOIN DEFENDANT FROM FURTHER ACTS AGAINST INTEGRAL INVESTMENTS PROSPECT, LLC, INTEGRAL INVESTMENTS SILVER SPRING, LLC, INTEGRAL 2314 WYOMING, LLC, AND INTEGRAL 2545 STOWELL, LLC**

---

Plaintiff, Michael A. Gral, (herein under referred to as either "Debtor," "Plaintiff," or "MAG") claims against the Defendant, Park Bank.

### Nature of Complaint

1. This is an action by the Debtor seeking injunctive relief pursuant to 11 U.S.C. § 105 and 362, to enforce the automatic stay and to enjoin the Defendant from prosecuting claims for judgments in state court against Integral Investments Prospect, LLC, Integral Investments Silver Spring, LLC, Integral 2314 Wyoming, LLC, and Integral 2545 Stowell, LLC.

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates only to *In re Michael A. Gral,* Case No. 16-21329.**

## Parties

2. The Plaintiff, MAG, is an adult resident of Milwaukee, Wisconsin, and is also a Debtor in the above-captioned bankruptcy case.

3. Park Bank, Defendant, is a state bank organized and existing under and by virtue of the laws of the State of Wisconsin, having an office at 330 E. Kilbourn Avenue, Milwaukee, Wisconsin 53202.

## Jurisdiction and Venue

4. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 157 and § 1334, and 11 U.S.C. § 542 and § 543, because this action arises under and is related to, the Chapter 11 proceedings captioned above.

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(A) and (G).

6. Venue is appropriate to these proceedings pursuant to 28 U.S.C. § 1409(a).

## Background

7. The Debtor is a 50% owner/member in each of the four limited liability entities described above.

8. The Defendant has initiated proceedings in Circuit Court of Milwaukee County, Wisconsin, for foreclosure of the real estate investments owned by each of the four limited liability entities. At the time those actions were commenced, there was no monetary or other default of the Defendants in each of the four cases, other than the term of the notes that matured, and the Defendant had refused to extend the maturity dates.

9. The investments in each of the entities being sued by the Defendant in state court are real properties. The properties owned by all of the above described limited liability entities have a

cash flow. It has been the intent of the Debtor to utilize the Debtor's share of the cash flow of those properties, to support the Debtor's Plan of Reorganization in this case.

10. The successful foreclosure by the Defendant of the properties owned by the above-described entities would have the effect of successfully cutting off the Debtor's use of that cash flow to support the Debtor's Plan of Reorganization.

11. This court can enter an order to carry-out the provisions of the code when it is necessary and appropriate under 11 U.S.C. § 105(a).

12. When an injunction is requested pursuant to the aforementioned provision, the Bankruptcy Court can enjoin other proceedings in other courts when it is satisfied that such proceedings adversely impact the estate and defeat or impair the jurisdiction of the case before it.

13. Continuing with the proceedings in state court regarding the foreclosure of the properties owned by the above four entities would have the following deleterious effects:

The foreclosure and sale of the foregoing properties would have the effect of cutting off the cash flow from those properties part of which would be utilized by the Debtor to support the viability and feasibly of his Plan of Reorganization. In addition, while the Debtor has not received notice that the Defendant has done so, the Defendant would have the ability to exercise its assignment of rents against the tenants occupying the properties owned by the foregoing limited liability entities, and therefore, cutoff the cash flow that could be utilized by the Debtor in the Debtor's Plan of Reorganization.

14. The Debtor and the above four limited liability entities have a sufficient identity of interest to require an extension of the automatic bankruptcy stay and for granting an injunction under 11 U.S.C. § 105, because the state court proceedings will directly effect this Debtor and his ability to successfully reorganize. The balance of hardship swings towards the Plaintiff

because he is merely seeking to postpone the state court proceedings pending the Debtor's successful reorganization. In doing so, the above four entities would continue to make the monthly contractual principal and interest payment, and pay tax escrows, and insurance premiums, in order to adequately protect the Defendant's interest in the properties owned by the four entities.

15. An order staying the state court proceedings will not be adverse to the public interest because the public interest favors efforts to contribute to successful reorganizations under Chapter 11.

16. An order enjoining or staying the state court proceedings makes it more possible for successful reorganizations.

17. Continuing enforcement of the state court proceedings produces little gain for the Defendant, but would prove to be a significant hindrance to the legitimate efforts of the Debtor to reorganize.

WHEREFORE, Debtor requests that the court enter an order granting a temporary stay and an injunction on the continuation of the state court proceedings against the four limited liability entities described above.

Dated at Milwaukee, Wisconsin, this 24 day of May, 2018.

                LAW OFFICES OF JONATHAN V. GOODMAN
                Attorneys for Debtor

        By: _____
                Jonathan V. Goodman

Law Offices of Jonathan V. Goodman
788 North Jefferson Street - Suite 707
Milwaukee, WI 53202-3739
PH: (414) 276-6760 - FX: (414) 287-1199
e-mail: jgoodman@ameritech.net